AYRES, Judge.
Plaintiff, as the subrogee of its assured, Fred Stafford, seeks the recovery of damages occasioned by an automobile collision between Stafford’s car and that of the defendant. The defendant was charged with negligence constituting a proximate cause of the accident, in failing to maintain a proper lookout, and in driving on the wrong side of the road. Similar charges were directed to plaintiff’s assured, as the driver of his car, which allegedly constituted a proximate cause, or, in the alternative, a contributing cause of the accident.
The scene of the accident was a “blind” and an almost right-angle curve on a narrow dirt road. The cars approached from opposite directions and collided practically head-on in the curve.
The trial court concluded, from the evidence, that both drivers were familiar with the curve in the highway and knew of its danger. The evidence was held insufficient to warrant a judgment in plaintiff’s favor, as it appeared to the trial court that both drivers were guilty of contributory negligence. From a judgment rejecting plaintiff’s demands, it appealed.
The issues are purely factual in character. A detailed résumé of the testimony of the several witnesses is unnecessary. A general statement will suffice.
Both cars approached this curve at a speed of approximately 20 to 25 miles per hour. Due to the trees and underbrush, this curve may correctly be classified as a “blind” curve. Neither driver was able to see the other for a distance of more than three or four car lengths. The road was so narrow that only one set of “ruts” existed. Hence, the road took on the appearance of a one-way thoroughfare. At only a greatly reduced speed and with the exercise of the utmost precaution could a meeting of vehicles be executed at this point. Neither car could pass sufficiently to the right of the other to permit a safe passage. In fact, the record discloses that, after one of the vehicles had been removed from the scene of the accident, passage remained blocked by the presence of the other vehicle.
Although both drivers were familiar with this curve and the dangers incident thereto, it appears neither was keeping nor maintaining a proper lookout or exercising that degree of caution commensurate with the danger recognized as confronting both drivers, or as would, in fact, confront any driver attempting to negotiate the curve.
The conclusion reached by the trial court that both drivers were contributorily negligent is, in our opinion, supported by the record, and we concur in its conclusions.
The judgment appealed is, accordingly, affirmed at plaintiff-appellant’s cost.
Affirmed.